IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GREGORY P. ROBINSON, JR. and
NICOLE RENEE JACKSON,

                              Plaintiffs,

        v.                                              OPINION AND ORDER
                                                          25-cv-54-wmc
ELLEN BERZ, *et al.*,

                              Defendants.

Gregory P. Robinson, Jr. and Nicole Renee Jackson, proceeding without counsel, are a married couple both currently incarcerated on drug offenses. Robinson was convicted of drug distribution in this court in case number 25-cr-11-jdp and is currently housed in the Federal Correctional Institution in Terre Haute, Indiana. Jackson is being held as a pretrial detainee at Dane County Jail. In their initial complaint (dkt. #1) and numerous amendments and supplements, plaintiffs raise several claims against individuals and entities involved in the investigation and prosecution of their state criminal proceedings, as well as claims relating to the conditions of their confinement. They have paid the full filing fee for this action, but because they were incarcerated when they filed it, the court must screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915(e) and 1915A. In doing so, the court must accept plaintiffs' allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011).

However, the court cannot conduct a proper screening because there are multiple problems with plaintiffs' complaint and supplements. First, Robinson did not sign the original complaint or most of the amendments and supplements. After prodding from the court, Robinson submitted a signature in some but not all of his filings, along with a "letter of consent" in which he says that he is authorizing Jackson to sign his name in future filings as his power of attorney. (Dkt. #10.) That motion will be denied, however, because litigants in this court cannot consent to have a non-lawyer represent them, even a spouse who has power of attorney in other matters. 28 U.S.C. § 1654. Thus, to proceed further, Robinson must sign any future filings he submits in this case. Fed. R. Civ. P. 11(a).

Second, it appears that plaintiffs seek to undo various state-court rulings against them, which this court cannot do in a civil rights lawsuit under 42 U.S.C. § 1983 like this one. They cannot bring any claim under § 1983 if success on that claim would necessarily imply that a criminal conviction or sentence is invalid. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Third, Jackson's state criminal case is ongoing, *State v. Jackson*, 2024CF1528 (Dane County), and this court cannot interfere with an ongoing state criminal proceeding. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971).

Fourth, even if this court could consider some of plaintiffs' claims for money damages for various alleged violations of their rights before, during or after the state court proceedings, plaintiffs' allegations span multiple state proceedings, incarcerations and other incidents. The only incident involving both plaintiffs appears to be the initial search of their hotel room in July 2024. These allegations almost certainly violate Federal Rules

of Civil Procedure 18 and 20 by joining claims together that do not belong in the same lawsuit. Under Rule 18, a plaintiff may bring unrelated claims against a particular defendant. But a plaintiff cannot bring unrelated claims against more than one defendant. Under Rule 20, defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007). Here, plaintiffs' allegations include, among others, complaints about a search warrant and its execution, challenges to a competency exam, conditions of confinement at Dane County Jail, and complaints about access to Ramadan. These wide-ranging allegations and claims cannot proceed together in the same lawsuit.

Fifth, plaintiffs have named multiple improper defendants. Specifically, plaintiffs cannot proceed against a Gang Task Force, police department, or sheriff's department because those are not suable legal entities under § 1983. *See Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) (sheriff's department not subject to suit under § 1983); *Williams v. Dane Cty. Narcotics Task*, No. 20-cv-957-wmc, 2022 WL 4079023, at *4 (W.D. Wis. Sept. 6, 2022) (narcotics task force not subject to suit under § 1983); *McCallum v. Ct. of Appeals*, No. 19-cv-415-wmc, 2019 WL 4333315, at *2 (W.D. Wis. Sept. 12, 2019) (citing *Whiting* and *Best v. City of Portland*, 554 F.3d 698, 698 n.1 (7th Cir. 2009)) ("[W]hile Wisconsin municipalities may be sued, *see* Wis. Stat. § 62.25, agencies and departments may not.").

Nor have plaintiffs included any plausible allegations suggesting they have claims against the state or county; they cannot sue the state directly, and municipalities are liable

for unconstitutional acts of its officers only if the constitutional violations resulted from a policy, widespread practice, or decision by a policymaker. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Moreover, state court judges are immune for official actions, *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005).

Sixth and finally, plaintiffs name as defendants numerous entities such as rental car services, cellular companies and banks, but include no allegations explaining what those plaintiffs did that violated plaintiffs' federal rights.

In light of these numerous problems, the court must dismiss plaintiffs' complaint and supplements. However, the court will give plaintiffs an opportunity to submit an amended complaint that addresses the problems identified in this order. In drafting their amended complaint, plaintiffs should be sure to:

- Use the court's approved forms for prisoners filing civil actions or similar form available from the prison or jail law library.

- Limit their claims to a single set of transactions or occurrences and explain why they both are appropriate plaintiffs and how any seemingly separate set of events are related to each other.

- Carefully consider whether they are naming proper defendants and omit defendants who did not personally cause or participate in a violation of their rights or who would be immune from suit.

- Identify all of the individuals that they wish to sue in the caption of the complaint as required by Fed. R. Civ. P. 10(a).

- Describe simply and concisely what actions they believe that each defendant took that violated their rights, using separate, numbered paragraphs.

If plaintiffs do not submit an amended complaint by the deadline set below, the court will dismiss the case with prejudice and without further notice under Federal Rule of Civil Procedure 41(b).

## ORDER

IT IS ORDERED that:

1) Plaintiffs Gregory P. Robinson, Jr. and Nicole Renee Jackson are DENIED leave to proceed (dkt. #2) and their complaint (dkt. #1) and supplements (dkt. ##15, 17, 20, 21, 23, 27) are DISMISSED without prejudice for failure to comply with the Federal Rules of Civil Procedure as set forth above.

2) Plaintiff's Letter of Consent (dkt. #10) is DENIED.

3) Plaintiff's motion for injunctive relief (dkt. #22) is DENIED.

4) The clerk's office is directed to provide plaintiffs with a prisoner packet containing a civil rights complaint form.

5) Plaintiffs have until **April 29, 2026**, to file an amended complaint that addresses the problems identified in this order. Plaintiffs' failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 1st day of April, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge